UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

-against-

ALEXIS LESMES,

Defendant.

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
12-CR-497 (CBA)

------------------------------------------------------x

**AMON, United States District Judge:**

On July 2, 2012, defendant Alexis Lesmes was arrested after a Customs and Border Protection officer found 997.2 grams of heroin with a purity level of 79.5 percent in defendant's suitcase at John F. Kennedy International Airport. (Presentence Investigation Report dated January 7, 2013 ("PSR") ¶¶ 3–4.) After his arrest, defendant waived his Miranda rights and admitted to agents of the Department of Homeland Security that he knew he was transporting drugs and that he agreed to transport them in exchange for $5,000. (Id. ¶ 5.) On September 11, 2012, defendant pled guilty to the importation of heroin in violation of 21 U.S.C. § 952(a) in the United States District Court for the Eastern District of New York. (D.E. dated Sept. 11, 2012.) On February 8, 2013, the Hon. Judge John Gleeson sentenced defendant to five years' probation. (D.E. # 11, 12.) On September 6, 2016, defendant filed a motion for early termination of probation. (D.E. # 17.) The government responded to defendant's motion on October 3, 2016 and opposed the requested relief. (D.E. # 19.) For the reasons set forth herein, defendant's motion is denied.

## DISCUSSION

Under 18 U.S.C. § 3564(c), a court may grant a defendant early termination of a term of probation and discharge the defendant "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of

1

the defendant and in the interest of justice." "The factors set forth in Section 3553(a) of Title 18 of the United States Code include, inter alia, '(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and] (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]'" United States v. Singer, No. 08-CR-587 (SJF), 2012 WL 3062136, at *1 (E.D.N.Y. July 25, 2012) (alterations in original). "[I]n sum, [Section 3564(c)] requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to [modify] the term . . . of [probation]." Id. (quoting United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997)).[1]

In addition to the factors under § 3553(a), courts may also take into account "new or unforeseen circumstances." See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016) (holding that—although not required—"changed circumstances may in some instances justify a modification"); see also United States v. Leone, No. 02-CR-528 (TCP), 2013 WL 867527, at *2 (E.D.N.Y. Mar. 4, 2013) ("Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . will render a previously imposed [probationary] term . . . either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." (quoting Lussier, 104 F.3d at 36)). "A petitioner's compliance with the conditions of his probation, however, is insufficient to warrant early termination." Leone, 2013 WL 867527, at *2.

---

[1] In Lussier, the defendant sought modification of a term of supervised release pursuant to 18 U.S.C. § 3583(e)(2), rather than probation as in the present matter. However, courts in this Circuit have also applied Lussier to § 3564(c), because "[t]he statutory language of [Sections 3564(c) and 3583(e)] is essentially the same," and, accordingly, "analysis under the two (2) statutes . . . is the same." See, Singer, 2012 WL 3062136, at *1 n.1.

2

The Court has reviewed defendant's motion and considered the factors listed in 18 U.S.C. § 3553(a)(1)–(6).[2] Although defendant has fully complied with the terms of his probation, the Court expects individuals to fully adhere to the conditions of their sentences. See Leone, 2013 WL 867527, at *2 ("While the Court is pleased that Petitioner has complied with the conditions of his sentence, the Court expects adherence (and society deserves it)."); see also United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."). Moreover, in the instant matter, defendant's asserted claims in support of his motion for early termination are vague and fail to demonstrate to the Court that defendant has done anything more than simply comply with the terms of his sentence. "[I]f compliance with the terms of probation necessarily awarded termination to a petitioner, the term itself would be pointless." Leone, 2013 WL 867527, at *2. The Court is thus not convinced that an early termination is "warranted by the conduct of the defendant." See 18 U.S.C. § 3564(c).

The Court also notes the leniency granted to defendant in his sentencing. Although the Guidelines range applicable to defendant at the time of his sentencing was 46 to 57 months' imprisonment, (PSR ¶ 49), defendant was only sentenced to five years' probation for a very serious offense. See 18 U.S.C. § 3553(a)(2) ("The Court . . . shall consider . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide

---

[2] The Court is not required to make "specific findings of fact with respect to each of these factors." United States v. Gammarano, 321 F.3d 311, 315 (2d Cir. 2003). Instead, the Second Circuit has held that "a statement that [the district court] has considered the statutory factors is sufficient." United States v. Gelb, 944 F.2d 52, 56–57 (2d Cir. 1991).

3

just punishment for the offense . . . ."). The Court is thus further persuaded that an early termination would not be in "the interest of justice" as required under 18 U.S.C. § 3564(c).

## CONCLUSION

For these reasons, defendant's request for an early termination of his term of probation is denied.

SO ORDERED.

Dated: November 30, 2016
Brooklyn, New York

S/ Carol Bagley Amon

Carol Bagley Amon
United States District Judge